BEER, Judge.
In October, 1955, appellant, Lafourche Life Insurance Company, insured the life of David Eugene Schmill for $500.00. The policy was in force in March, 1976 — over twenty years later — when he was killed in a motorcycle accident. Lafourche Life paid the face amount of the policy to Marie Lirette Schmill, the beneficiary, who, in this suit, seeks to recover an additional $500.00, alleging same to be due under the double indemnity provision of the policy. ,s
Following trial on the merits, the district court rendered judgment in favor of Mrs. Schmill, and Lafourche Life has suspensively appealed.
The policy provides:
“Double Indemnity Benefit: The Company will pay an additional sum equal to the face amount of insurance shown on the first page of the Policy to the beneficiary named therein upon receipt at its Home Office of due proof that the death of the Insured occurred as a result, directly and independently of all other causes, of bodily injury effected solely through external, violent, and accidental means, provided that such death occurred *189 within ninety days after such injury was sustained, and while the Policy was in full force prior to the end of the premium paying period and before the Policy anniversary on which the Insured’s age at nearest birthday is sixty years. (Emphasis added.)”
The policy further provides:
“This Policy will become paid-up for life and remain in force without further premium payments after the premiums have been paid for twenty (20) full years. (Emphasis added.)”
Thus, double indemnity is payable “. . . while the Policy was in full force prior to the end of the premium paying period and before the Policy anniversary on which the Insured’s age at nearest birthday is sixty years.” This provision specifically delineates the premium payment period from the remainder of the policy period. The policy remained in effect but premiums were no longer due. Likewise, the double indemnity coverage had expired.
For whatever reason, the clear and unambiguous terms of the contract is the law between the parties and is to be enforced as written. Harmon v. Lumbermen's Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (1965). Since the assured met with an accidental death five months after the termination of the twenty-year premium-paying period, the double indemnity benefit is no longer payable. The equitable or common-sense reasoning for such is not, under the circumstances, material. The judgment of the district court is reversed, and plaintiff’s suit is dismissed at her cost.

REVERSED AND RENDERED.